UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHEET METAL WORKERS UNION LOCAL 18,

        Plaintiff,

  v.

HOLMING FAN & FABRICATION LLC,

        Defendant.

Case No. 24-cv-1132-bhl

---

## ORDER GRANTING DEFAULT JUDGMENT

---

      On September 6, 2024, Plaintiff Sheet Metal Workers Union Local #18 filed a complaint against Defendant Holming Fan & Fabrication LLC seeking to confirm and enforce an arbitration award arising under a collective bargaining agreement, pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and 28 U.S.C. § 1337. Despite accepting service on October 28, 2024, (ECF No. 5), Defendant has failed to appear. As a result, on January 10, 2025, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). That same day, Plaintiff moved for default judgment under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 8.)

      The LMRA authorizes this Court to enforce arbitration awards entered under the provisions of collective bargaining agreements. *Evans v. Einhorn*, 855 F.2d 1245, 1253 (7th Cir. 1988). Plaintiff's complaint seeks entry of such an award, and, despite proof of proper service, Defendant has not responded or otherwise taken steps to oppose Plaintiff's request for relief. Accordingly, the Clerk has entered default. Upon entry of default by the Clerk, the Court takes the well-pleaded allegations in the complaint relating to liability as true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). According to the complaint, on April 2, 2024, Plaintiff filed a grievance against Defendant that was submitted to arbitration pursuant to a collective bargaining agreement. (ECF No. 1 ¶¶1–10.) The arbitration board found in favor of Plaintiff and ordered an audit of hours of covered work performed at Defendant from December 6, 2023 through May 31, 2024, to be paid at a rate of $82.08 per hour. (ECF No. 1-4 at 2.) The

audit confirmed a total of 185.5 covered hours, for a total of $15,225.84 owed by Defendant. (ECF No. 1-5 at 1.) Defendant has failed to pay the amount owed. (ECF No. 1 ¶19.) The parties' collective bargaining agreement provides for enforcement of that award in a court of competent jurisdiction and for an award of costs and attorney's fees to the prevailing party. (ECF No. 1-1 at 26.) Accordingly, Plaintiff asks the Court to confirm and enforce the arbitration award and order Defendant to pay attorney's fees and costs totaling $2,018.10. (ECF No. 8 at 2.)

Under Rule 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.3d 1319, 1323 (7th Cir. 1983). Plaintiff has provided evidence including copies of the collective bargaining agreement, the arbitration board's decision, the results of the audit, and an itemized statement of attorney's fees and costs. (ECF Nos. 1-1, 1-4, 1-5, 9-1.) The documentary evidence sufficiently substantiates Plaintiff's request for judgment in its favor totaling $17,243.94, including the arbitration award of $15,225.84 and attorney's fees and costs of $2,018.10.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment under Fed. R. Civ. P. 55(b)(2), ECF No. 8, is **GRANTED**. The Court confirms the arbitration award and awards Plaintiff damages totaling $17,243.94, including the unpaid $15,225.84 arbitration award and $2,018.10 in attorney's fees and costs. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 12, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge